**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROBERT T. COLBERT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 04-2204 -CM** |
| ) | |
| **STEPHEN G. BOLTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs originally filed this action for damages in the District Court of Sedgwick County, Kansas on

April 7, 2004.  Plaintiffs' claims include: breach of contract, breach of fiduciary obligations, invasion of

privacy, defamation, breach of attorney-client privilege, vicarious liability, conversion, intentional

misrepresentation, negligent misrepresentation, failure to use reasonable legal judgment, uninformed

judgments, other tortious conduct, negligence, interference with advantageous relationship, interference with

advantageous association, interference with advantageous licensing, interference with agency and contract

relationships, malicious prosecution, abuse of process, violation of Rule 11 and Kan. Stat. Ann. § 60-211,

and res ipsa loquitur.  Defendants removed the case to this court on May 12, 2004 and filed a Designation

of Comparative Fault (Doc. 15) on September 30, 2004.  This matter comes before the court on plaintiff's

Motion to Dismiss (Doc. 17), filed on October 1, 2004.

In its Motion, plaintiffs moved to dismiss John P. Barelli, an individual designated for comparative

fault by defendants.  At that time, Mr. Barelli was counsel of record for the plaintiffs in this matter.  In their

Motion to Dismiss, plaintiffs argue that (1) defendants cannot assert a comparative negligence claim against

Mr. Barelli, especially in light of Mr. Barelli's role as plaintiffs' counsel, and (2) defendants' comparative fault designation was designed to disqualify Mr. Barelli as counsel.  Plaintiffs moved to strike the designation of comparative fault and requested sanctions against defendants and their attorneys.

On October 12, 2004, defendants filed a response to the Motion to Dismiss.  Defendants contend that their designation of comparative fault does not assert a separate cause of action against Mr. Barelli, and that the negligence of a non-party, such as Mr. Barelli, may be compared to the alleged fault of defendants pursuant to Kan. Stat. Ann. § 60-258a(c).  Plaintiffs filed their reply to the Motion to Dismiss on November 4, 2004.  Subsequently, on December 3, 2004, Mr. Barelli moved to withdraw as counsel for plaintiffs. The court granted Mr. Barelli's motion to withdraw on December 6, 2004.

With regard to plaintiff's Motion, the court finds that many of the issues raised are moot in light of Mr. Barelli's withdrawal from the case.  Moreover, Kansas courts interpreting § 60-258a have held that, where multiple parties could be at fault for tort claims and a plaintiff chooses to proceed against only one party on the tort claims, that party will be responsible only for its proportionate share of damages. *Haysville U.S.D. No. 261 v. GAF Corp., et al.*, 233 Kan. 635, 640-41, 666 P.2d 192 (1983) (citing *Ellis v. Union Pac. R.R. Co.*, 231 Kan. 182, 643 P.2d 158 (1982)).  Accordingly, defendants are entitled, under Kansas law, to compare their fault to any other individual or entity who could be at fault for plaintiffs' alleged damages arising from the tort claims.  The court is unwilling, at this early juncture in the case, and with so few facts on the record, to make a determination regarding the viability of defendants' comparative fault designation.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Dismiss (Doc. 17), including plaintiffs' request for sanctions against defendants, is denied.

-2-

-3-

Dated this 27th day of April 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**